UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

PAUL SELLERS, JR.,

                Plaintiff,                Case No. 1:08-cv-1009

v.                                  Honorable Gordon J. Quist

ROBERT MILLER et al.,

                **ORDER**

                Defendants.
_____/

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the Michigan Reformatory.  On November 3, 2008, the Court granted Plaintiff leave to proceed *in forma pauperis* (docket #3) but ordered him to pay an initial partial filing fee within thirty days.   *See* 28 U.S.C. § 1915(b)(1); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).  Plaintiff has not yet paid the initial partial filing fee.  On November 13, 2008, Plaintiff filed a motion for reconsideration (docket #4) alleging that he does not have any income to pay the filing fee because the Michigan Department of Corrections refuses to place him in a job assignment.   Upon due consideration, this Court concludes that Plaintiff must be allowed to bring his case without payment of the initial partial filing fee.  *McGore*, 114 F.3d at 606.

       Although § 1915(b)(4) permits plaintiff to avoid the payment of an initial partial filing fee at this time, the Court is still required to impose an initial partial filing fee of $0.56 and, when funds become available, plaintiff must pay this fee.  *McGore*, 114 F.3d at 606.

                Even if the account balance is under ten dollars, prison officials must still forward payments to the district court to pay the initial partial filing fee.  The ten-dollar rule of § 1915(b)(2) is applicable to fees and costs due only after the initial partial filing fee is paid.  Once the

initial partial filing fee is paid in full, the ten-dollar and twenty-percent requirements of § 1915(b)(2) become applicable.

*Id.*

Once Plaintiff has paid the initial partial filing fee, he must pay the remainder of the $350.00 filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in Plaintiff's trust account exceeds $10.00, until the filing fee of $350.00 is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month. *Hampton*, 106 F.3d at 1284-1285. Accordingly, Plaintiff's motion for reconsideration will be granted.

Plaintiff's action shall also be transferred to the Eastern District of Michigan. In his *pro se* complaint, Plaintiff sues Saginaw Correctional Facility Accountant Robert Miller and an (unknown) Property Room Officer. Plaintiff alleges that Defendants received a money order and typewriter on Plaintiff's behalf but they have not yet forwarded the money or typewriter to Plaintiff. (Compl. at 4, docket #1.) The events giving rise to Plaintiff's action occurred at Saginaw Correctional Facility, which is located in Saginaw County. Saginaw County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a).

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Defendants are public officials serving in Saginaw

- 2 -

County County, and they "reside" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Plaintiff's allegations against these Defendants arose in Saginaw County County, where Defendants allegedly committed the acts giving rise to this case. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979). In these circumstances, venue is proper only in the Eastern District. Therefore:

IT IS ORDERED that Plaintiff's motion for reconsideration (docket #4) is GRANTED.

IT IS FURTHER ORDERED that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a). **It is noted that this Court has not reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**

Dated: November 21, 2008                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge